CASANUEVA, Judge.
The State of Florida appeals an order granting Silvestre Loredo, Jr.’s motion to suppress evidence found in his residence pursuant to a search warrant, evidence found in his vehicle in which he was riding when law enforcement initially detained him, and any statements he made after this detention.[1]
Both Mr. Loredo and his wife, Candi Loredo, were arrested following the execution of the search warrant and the stop of their vehicle. The trial court conducted a joint suppression hearing with the Loredos and granted the motion to suppress based on its finding that the search warrant for the house was improperly issued because the affidavit filed in support of the warrant lacked probable cause. The facts surrounding the issuance of the warrant are detailed in the wife’s ease, State v. Loredo, 129 So.3d 1188 (Fla. 2d DCA 2014). As we did in that case, we conclude that probable cause existed to issue the search warrant and that the trial court erred in granting the motion to suppress. See id. at D173. Additionally, as this court noted in Loredo, on remand, Mr. Loredo may argue the other issue raised at the suppression hearing regarding the stop of his vehicle in light of the Supreme Court’s recent decision in Bailey v. United States, _ U.S. _, 133 S.Ct. 1031, 185 L.Ed.2d 19 (2013). See 39 Fla. L. Weekly at D173 n. 2.
Reversed and remanded.
SILBERMAN and MORRIS, JJ., Concur.

. Mr. Loredo was charged with possession of methamphetamine with intent to sell within 1000 feet of a church, possession of drug paraphernalia, and actual or constructive possession of a structure used for trafficking, sale, or manufacture of controlled substances.